

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C. KAUI JOCHANAN AMSTERDAM, | No. 14-15377 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00649-SOM-KSC |
| v. | |
| DAVID Y. IGE,* Governor of the State of Hawaii; et al., | MEMORANDUM** |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted July 26, 2016***

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

C. Kaui Jochanan Amsterdam appeals pro se from the district court's

judgment dismissing for lack of standing his action seeking to enjoin the

---

\*    David Y. Ige is substituted for his predecessor, Neil Abercrombie, as Governor of the State of Hawaii under Fed. R. App. P. 43(c)(2).

\*\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

enforcement of Hawaii's Marriage Equality Act of 2013. We review de novo, *Hayes v. County of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013), and we affirm.

The district court properly dismissed Amsterdam's action because Amsterdam's moral and cultural objections to same-sex marriages are generalized grievances and are insufficient to confer Article III standing. *See Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662-63 (2013) (a "generalized grievance, no matter how sincere, is insufficient to confer standing"; "Article III standing is not to be placed in the hands of concerned bystanders who will use it simply as a vehicle for the vindication of value interests" (citation and internal quotation marks omitted)); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability).

Amsterdam's contention that the district court ignored his amended reply is without merit.

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**